J-A13007-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ANTHONY F. JESELNIK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD P. JOSEPH, AN | : | No. 1257 WDA 2023 |
| INDIVIDUAL, AND ALIGNED | : | |
| PARTNERS TRUST COMPANY, A | : | |
| PENNSYLVANIA TRUST COMPANY | : | |

Appeal from the Order Entered October 4, 2023
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  G.D. No. 21-009947

BEFORE:  OLSON, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY OLSON, J.:                **FILED:  August 15, 2024**

Appellant, Anthony F. Jeselnik, appeals from the October 4, 2023 order entered in the Court of Common Pleas of Allegheny County that denied his motion for a preliminary injunction.  Appellant's motion for injunctive relief sought to enjoin Aligned Partners Trust Company ("Aligned Partners") from transferring funds exceeding $400,000.00 from an escrow account it maintained on behalf of a decedent's estate to Richard P. Joseph ("Joseph") until final adjudication of Appellant's contract-based claims against Joseph. We affirm.

The trial court summarized the factual and procedural history as follows:

[Appellant] is an attorney admitted to practice law in Pennsylvania [who] filed a complaint in equity against [Joseph], an attorney admitted to practice law in Pennsylvania, and [Aligned Partners], a trust company doing business in Pennsylvania.  The complaint

contains claims for breach of contract, promissory estoppel, quantum merit, unjust enrichment, injunctive relief, and declaratory relief. All counts relate to [Appellant's] claim that he performed legal work for [Joseph on] the Estate of John J. Thomas at [Beaver County orphans' court docket] No. 04-14-1068, concerning a will contest in [the] Beaver County orphans' court.[1]

In the underlying Beaver County estate case, the orphans' court issued a consent order directing [$1,485,000.00] to be placed into an escrow account with Aligned Partners. On [August 31, 2023], the Beaver County orphans' court [] issued an order awarding [Joseph] attorney['s] fee[s] in the amount of [$851,505.00] and [40%] of any assets belonging to the Estate of John J. Thomas.

The next day, on [September 1, 2023, Appellant] filed a motion for [a] preliminary injunction, in [the Court of Common Pleas of] Allegheny County[,] which was presented to [the Allegheny County trial court on September 13, 2023]. The motion requested that [the Allegheny County trial court] enjoin Aligned [Partners] from paying any money to [Joseph], or otherwise distributing to him any money from the estate escrow account maintained by Aligned Partners in excess of [$400,000.00]. Additionally, [Appellant] requested that [the Allegheny County trial court] prohibit [Joseph] from filing any further actions in [the] Beaver County orphans' court to pursue or attempt to secure release of the Beaver County estate['s] escrowed moneys held by Aligned Partners. During the presentation of the motion, [Appellant] requested that the matter be continued to allow him an opportunity to file a response to [Joseph's] answer and brief in opposition to the injunction. Over [Joseph's] objection, [the Allegheny County trial court] granted [Appellant's] request for a continuance and ordered him to file a response brief within [7] days and permitted [Joseph 7] days to file any response if he chose to do so.

On [October 4, 2023], after all parties filed their response briefs and answers, [the Allegheny County trial court] denied [Appellant's] motion [for a preliminary injunction], finding that [the Allegheny County trial court] did not have jurisdiction and

_____

[1] Appellant's complaint against Joseph and Aligned Partners, as well as his motion for a preliminary injunction, were filed in the Court of Common Pleas of Allegheny County.

authority to enjoin Aligned [Partners] from paying [Joseph] $851,505.00, [as] authorized by [the] Beaver County orphans' court order dated [August 31, 2023. The Allegheny County trial court] believed that it was more appropriate for [Appellant's] motion [for a preliminary injunction] to be brought and heard in [the] Beaver County orphans' court. [The Allegheny County trial court reasoned] that the Aligned Partners' escrow account and [the court-ordered] payment [] to [Joseph], were created and authorized by [orders issued by] the Beaver County orphan[s'] court[.] Any restrictions on the use of this account [fell] plainly within the administration of the Estate of John J. Thomas and[, therefore,] proper jurisdiction [over this matter rested within] the Beaver County orphans' court. Claims pertaining to the estate escrow account and payments from it must be brought in [the] Beaver County orphans' court division since [the Court of Common Pleas of] Allegheny County [] lacks jurisdiction.

Trial Court Opinion, 12/14/23, at 1-3 (extraneous capitalization).[2] This appeal followed.[3]

Appellant raises the following issues for our review:

1. Did the trial court commit clear error of law in failing to exercise the jurisdiction vested in the Civil Division of the Court of Common Pleas of Allegheny County over the motion for injunctive [relief], which had been filed and was being litigated in conjunction with [Appellant's] complaint in assumpsit in the Civil Division?

2. Did the trial court commit clear error of law in misinterpreting and misapplying [S]ections 711 and 712 of the [Pennsylvania] Probate, Estate and Fiduciaries Code, 20 Pa.C.S.[A. § 101, *et seq.*] thereby improperly attributing to the orphans' court of Beaver County exclusive jurisdiction

---

[2] For ease of reference, we have assigned page numbers to the trial court's unpaginated opinion.

[3] Both Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

over [Appellant's] motion for [preliminary] injunction that is denied by statute?

Appellant's Brief at 2-3 (extraneous capitalization omitted).[4]

Appellant's issues, *in tandem*, challenge the Allegheny County trial court order that denied his motion for injunctive relief because the trial court in Allegheny County lacked subject matter jurisdiction to grant the requested relief. *Id.* at 10-39. "[A]n appellate court reviews an order granting or denying a preliminary injunction for an abuse of discretion." *SEIU Healthcare Pennsylvania v. Commonwealth of Pennsylvania*, 104 A.3d 495, 501 (Pa. 2014). "Under this highly deferential standard of review, an appellate court does not inquire into the merits of the controversy, but examines the record to determine if there were any apparently reasonable grounds for the action of the [trial] court[.]" *Id.* (citation and original quotation marks omitted). An appellate court's scope of review in preliminary injunction matters is plenary. *Id.* at 501 n.7, *citing* **Warehime v. Warehime**, 860 A.2d 41, 46 n.7 (Pa. 2004). When the challenge to the order granting or denying a preliminary injunction raises a question of subject matter jurisdiction, this Court is presented with a pure question of law for which our review is *de novo* and our scope is plenary.[5] *Turner*, 270 A.3d at 561.

---

[4] Neither Joseph nor Aligned Partners filed a response brief in this matter.

[5] As discussed more fully *infra*, "[s]ubject matter jurisdiction relates to the competency of a court to hear and decide the type of controversy presented." *Turner v. Est. of Baird*, 270 A.3d 556, 561 (Pa. Super. 2022).

In the case *sub judice*, Appellant contends that the trial court's reasoning – "that the [o]rphan[s' c]ourt [of Beaver County] had exclusive and mandatory jurisdiction [over the motion for injunctive relief] under [Section] 711(a) of the [Pennsylvania Probate, Estate and Fiduciaries Code] to any claims to or restrictions on the moneys in the escrow account" – was flawed. Appellant's Brief at 13-15. Appellant asserts that the Allegheny County trial court correctly recognized that it possessed subject matter jurisdiction over his civil action against Joseph for, *inter alia*, breach of contract and unjust enrichment. *Id.* at 17. Appellant argues that the trial court erred, however, in determining that it did not have subject matter jurisdiction over his motion for injunctive relief, which Appellant claimed was an integral part of his underlying civil action. *Id.* at 16-19 (stating, "the motion for preliminary injunction arises from – and its validity depends on – the [underlying civil] complaint[, and] the motion has no independent basis" (extraneous capitalization omitted)). Appellant argues,

> [t]here is no common law, statutory authority, or procedural rule that would permit the [Allegheny County] trial court to sever the motion for [injunctive relief] from the complaint or that would permit the trial court of Allegheny County to transfer the motion filed in the [Court of Common Pleas of] Allegheny County[ - Civil Division] to [the Court of Common Pleas of] Beaver County for adjudication by the orphan's court [of Beaver County].

*Id.* at 19 (extraneous capitalization omitted). Appellant contends that the Beaver County orphans' court has "no interest in [his Allegheny County] civil action or his motion for [injunctive relief]" because the litigation in Allegheny

County involves a contractual dispute between himself and Joseph which is unrelated to the estate, which falls within the jurisdiction of the Beaver County orphans' court. *Id.* at 26. Rather, as Appellant maintains, the Beaver County orphans' court could "monitor [the] litigation in [the Allegheny County Court of Common Pleas] and [] protect any interests of the [e]state that may be affected by the litigation." *Id.*

In denying Appellant's motion for injunctive relief, the trial court stated,

[Appellant's Rule 1925(b) statement] mistakenly avers [that] the filing of a complaint for a breach of contract in the Allegheny [County trial] court[,] which has not been litigated to verdict or judgement [*sic*], confers jurisdiction [on] the Allegheny [County trial] court to enjoin the transfer of funds from a Beaver County estate escrow account. The record is clear that this account was expressly created by an order of court issued by the Beaver County orphans' court. Further, [Appellant] avers that [the Allegheny County trial court] ha[s] the jurisdiction to prohibit [Joseph] from filing any further actions in the Beaver County orphans' court to obtain the release of the funds held in the estate's escrow account.

It appears on the face of [Appellant's] pleadings[] that the subject escrow estate account held by Aligned Partners was created by a Beaver County orphans' court order. The subject account exclusively contains funds of the estate [] and is controlled by the estate's personal representative and any payments or distributions would be part of his or her administrative duties and regulated by the Beaver County orphans' court.

Pursuant to [Section] 711[ - ]general mandatory exercise of jurisdiction through [the] Beaver County orphans' court, [Appellant's] motion regarding the use and restrictions on the escrow account of the estate [] falls squarely within the four corners of [Section] 711(1), mandating that an orphans' court has "exclusive jurisdiction of the administration and distribution of decedents' estates, of the control of estate fiduciaries, and of the settlement of their accounts[.]" The regulation of [the escrow] account clearly involves the administration and distribution of

- 6 -

personal property of a decedent. The filing of a breach of contract complaint in the Allegheny [County trial] court does not give [the Allegheny County trial court] jurisdiction to limit or restrict the distribution of funds held in a Beaver County [orphans' court] estate escrow account.

Furthermore, [Appellant] is requesting that [the Allegheny County trial court] exercise jurisdiction over the estate escrow account before his underlying breach of contract complaint has been litigated and reduced to judgement [*sic*] in his favor. [The trial court] believe[s Appellant] has "jumped the gun" in prematurely filing his injunction in Allegheny County. To [establish] jurisdiction in the Allegheny [County trial] court, [Appellant] needed to wait until [Joseph] was paid his fee out of the estate account and [had] deposited the fee into his personal or business account before [the Allegheny County trial court c]ould [acquire] jurisdiction.

Trial Court Opinion, 12/14/23, at 4-6 (citation and extraneous capitalization omitted).

We begin by summarizing the pertinent and uncontested procedural history of the underlying will contest filed in the Beaver County orphans' court that ultimately led to the formation of the estate escrow account that is the subject of Appellant's motion for injunctive relief. As this Court noted previously, John J. Thomas, ("the decedent") passed on October 12, 2014. **In re: Est. of Thomas**, 229 A.3d 329, 2020 WL 1079251, at \*1 (Pa. Super. 2020) (non-precedential decision), *appeal denied*, 242 A.3d 910 (Pa. 2020). Timothy J. Ungarean ("Ungarean") subsequently probated "a writing, dated July 7, 2014, which purported to be the last will and testament of [the decedent] and named [Ungarean] the sole beneficiary of the estate." **Thomas**, 229 A.3d 329, 2020 WL 1079251, at \*1. The register of wills of the Court of Common Pleas of Beaver County admitted the will to probate and

- 7 -

Ungarean was granted letters of testamentary. *Id.* The decedent's eight surviving nieces and nephews challenged the validity of the July 7, 2014 will and sought to have Ungarean's letters of testamentary revoked. *Id.* Ultimately, on March 29, 2019, the Beaver County orphans' court determined that the July 7, 2014 will was invalid, revoked Ungarean's letters of testamentary, found that the decedent died intestate, and held that the eight nieces and nephews were the rightful intestate heirs. *Id.* Ungarean appealed the Beaver County orphans' court's decision on March 6, 2020.

On January 14, 2020, after the Beaver County orphans' court issued its decision but before an appeal could be filed, Ungarean, the eight intestate heirs, and Aligned Partners entered into an escrow agreement. *See* Appellant's Motion for Preliminary Injunction, 9/1/23, at Exhibit B. Pursuant to the escrow agreement, Ungarean and the eight intestate heirs agreed "to establish an escrow account to hold and protect the funds currently" held in an estate account maintained by Ungarean pursuant to his now-revoked letters of testamentary. *Id.* Aligned Partners agreed to act as the escrow agent. *Id.* The parties also agreed that no disbursements from the escrow account would occur without first obtaining an order of court. *Id.* On January 22, 2020, the Beaver County orphans' court approved the escrow agreement, and the estate's monetary assets were transferred to an escrow account, which was to be maintained by Aligned Partners. *Id.*

At some point thereafter, Joseph petitioned the Beaver County orphans' court for payment of legal services that he rendered to the intestate heirs as

part of their will contest.[6]  On August 31, 2023, the Beaver County orphans' court awarded Joseph attorney's fees in the amount of $851,505.00 and directed Aligned Partners to make payment from the escrow account to Joseph.[7]  **See** Appellant's Motion for Preliminary Injunction, 9/1/23, at Exhibit C.

In the case *sub judice*, Appellant filed a motion for injunctive relief, asking the Allegheny County trial court to enjoin Aligned Partners "from paying any money to Joseph, or otherwise distributing to him any money from the escrow account now maintained by Aligned Partners, in excess of [$400,000.00] pending full and final adjudication [of Appellant's] fee claim against Joseph set forth in the [c]omplaint, without written agreement by and among [Appellant], Joseph, and Aligned Partners[.]"  **See** Appellant's Motion for Preliminary Injunction, 9/1/23, at 4.  In other words, Appellant asked the Allegheny County trial court to stop Aligned Partners from dispersing $451,505.00 ($851,505.00 minus $400,000.00) to Joseph, as authorized by the Beaver County orphans' court, from the estate escrow account set up by

_____

[6] At the time the escrow agreement was executed by counsel for the parties, Joseph represented only three of the eight intestate heirs.  Appellant's Motion for Preliminary Injunction, 9/1/23, at Exhibit B.

[7] The Beaver County orphans' court ordered that the "money shall be paid to [Joseph] with up to 10 checks totaling the full amount of the judgment."  **See** Appellant's Motion for Preliminary Injunction, 9/1/23, at Exhibit C.  The Beaver County orphans' court also awarded Joseph 40% of the estate's remaining assets pursuant to a power of attorney agreement.  **Id.**

the Beaver County orphans' court until Appellant resolved his contractual litigation against Joseph in the Allegheny County trial court.

In reviewing the Allegheny County trial court's order denying Appellant's request for injunctive relief, we are reminded that "[s]ubject matter jurisdiction is not synonymous with a tribunal's power to act, although the terms are often used interchangeably by [trial courts] and litigants alike." ***Domus, Inc. v. Signature Bldg. Sys. of PA, LLC***, 252 A.3d 628, 636 (Pa. 2021) (citation and original quotation marks omitted). As our Supreme Court, in ***Domus***, explained,

> Jurisdiction and power are not interchangeable although [trial courts] and lawyers often confuse them. Jurisdiction relates solely to the competency of the particular court or administrative body to determine controversies of the general class to which the case then presented for its consideration belongs. **Power, on the other hand, means the ability of a decision-making body to order or effect a certain result.**

***Id.*** (citation and original brackets omitted; emphasis added). Stated simply, a trial court may have subject matter jurisdiction over a controversy because of the general class to which the case belongs but may be without power to grant the relief requested.

In the case *sub judice*, the Allegheny County trial court has subject matter jurisdiction to decide Appellant's causes of action stemming from the alleged non-payment of legal fees due Appellant from Joseph. The Allegheny County trial court also has subject matter jurisdiction over Appellant's motion for injunctive relief. Appellant's motion for injunction relief, however, seeks

- 10 -

to enjoin Aligned Partners from dispersing money from an estate escrow account established by the Beaver County orphans' court and comprised of monetary assets from the decedent's estate. Pursuant to the escrow agreement and an order of court approving the agreement, funds from the escrow account may only be dispersed under the direction of an order of court issued by the Beaver County orphans' court. On August 31, 2023, the Beaver County orphans' court ordered Aligned Partners to release payment to Joseph in the amount of $851,505.00. The Beaver County orphans' court maintains mandatory, exclusive jurisdiction over the administration and distribution of the estate's personal property held by Aligned Partners. *See* 20 Pa.C.S.A. § 711(a)(1). Therefore, the Allegheny County trial court is without the **power** to grant the relief requested by Appellant's motion for injunctive relief. *See* ***Domus***, 252 A.3d at 636. Therefore, we discern no abuse of discretion or error of law in the Allegheny County trial court's denial of Appellant's motion seeking injunctive relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 8/15/2024